IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEONARD W. BLACK,

        CASE NO. 2:16-CV-00609
    Petitioner,        CRIM. NO. 2:02-CR-187(1)
        JUDGE JAMES L. GRAHAM
    v.        Magistrate Judge Elizabeth P. Deavers

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 45.)  This matter is before the Court on the *Motion to Vacate*, Respondent's *Motion to Dismiss* (ECF No. 49), and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 49) be **GRANTED** and that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 45) be **DISMISSED**.

### Facts and Procedural History

On March 7, 2003, Petitioner pleaded guilty pursuant to the terms of his *Plea Agreement* to two counts of using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  (ECF Nos. 32, 33.)  On August 14, 2003, the Court imposed consecutive terms of 84 and 300 months incarceration, to be followed by a period of five years supervised release.  (ECF Nos. 38, 39.)  Petitioner did not file an appeal.

On June 24, 2016, Petitioner filed the instant motion under 28 U.S.C. § 2255.  Petitioner asserts that, pursuant to *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2551 (2015) (declaring the residual clause of the Armed Career Criminal Act "ACCA" to be unconstitutionally vague), he no longer has two qualifying convictions to enhance his sentence pursuant to U.S.S.G. § 2K2.1,

and his conviction under § 924(c) does not constitute a "crime of violence." Specifically, Petitioner argues that his underlying charge of bank robbery, in violation of 18 U.S.C. § 2113(a), does not qualify as a predicate offense or crime of violence to sustain his conviction under § 924(c), because it does not categorically require violent conduct, as it may be accomplished through deceptive acts or intimidation that do not require the use, attempted use, or threatened use of "violent force." He further maintains that, in view of *Johnson*, the residual clause of § 924(c) is constitutionally invalid, and his convictions must be vacated on this basis as well.

In *Johnson v. United States*, 135 S.Ct. at 2551, the United States Supreme Court declared the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA"), to be unconstitutionally vague. Under the ACCA, a criminal defendant who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony" is subject to a minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]*

18 U.S.C. § 924(e)(2) (emphasis added). The italicized portion referred to above in subsection (ii) is known as the "residual clause." *See Welch v. United States,* -- U.S. --, --, 136 S.Ct. 1257, 1261 (2016) (holding that *Johnson* applies retroactively to cases on collateral review) (citing

2

*Johnson,* 135 S.Ct. at 2555–2556). The Supreme Court in *Johnson* declared this section of the statute to be unconstitutionally vague.

> In the *Johnson* Court's view, the "indeterminacy of the wide-ranging inquiry" made the residual clause more unpredictable and arbitrary in its application than the Constitution allows. *Id.*, at ––––, 135 S.Ct., at 2557. "Invoking so shapeless a provision to condemn someone to prison for 15 years to life," the Court held, "does not comport with the Constitution's guarantee of due process." *Id.*, at ––––, 135 S.Ct., at 2560.

*Welch,* 136 S.Ct. at 1262.

18 U.S.C. § 924(c)(1)(A) provides for an enhanced punishment for any person who uses, carries, or possesses a firearm, "during and in relation to" or "in furtherance of" any crime of violence or drug trafficking crime. The statute defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Section 924(c)(3)(A) is referred to as the 'force clause' of the statute, while section 924(c)(3)(B) is referred to as the 'residual clause.'" *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *2 (E.D. Mich. Dec. 18, 2015) (footnote omitted). Based on the Supreme Court's reasoning in *Johnson,* Petitioner argues that the § 924(c)'s "residual clause" likewise is unconstitutionally vague, and his convictions on carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) cannot stand.

The United States Court of Appeals for the Sixth Circuit, however, has rejected this argument. *United States v. Taylor*, 814 F.3d 340, 375 (6th Cir. 2016)). This Court is bound by that decision. Other federal courts likewise have concluded that the Supreme Court's holding in *Johnson* does not apply so as to render a conviction under § 924(c) constitutionally invalid.

3

> *See United States v. Walker*, No. 3:15cr49, 2016 WL 153088, at *9 (E.D. Va. Jan. 12, 2016) (declining to extend *Johnson* to Section 924(c)(3)(B)); *United States v. Hunter*, No. 2:12cr124, 2015 WL 6443084, at *2 (E. D. Va. Oct. 22, 2015) ("The Court cannot find on the record before it or on the law of this Circuit that the Supreme Court in *Johnson* intend to invalidate the residual clause of § 924(c). The residual clause of the ACCA had faced significantly more confusion in the lower courts, was a much broader clause than § 924(c), and required courts to analyze conduct outside of that conduct required for the charged offense."); *United States v. Willie* Moore, No. 3:03-cr-169, 2016 WL 126921, at *2 (S. D. Oh. Jan. 12, 2016) ("Nothing in *Johnson* implies that § 924(c) is unconstitutional"). Furthermore, this Court has previously held in *United States v. Hayes*, No. RDB-14-0577 (D. Md. Dec. 21, 2015) that "the residual clause in Section 924(c)(3)(B) is not unconstitutionally vague."

*United States v. Green,* No. RDB-15-0526, 2016 WL 277982, at *4 (D. Md. Jan. 21, 2016). Therefore, this claim fails.

Further, the record does not reflect that Petitioner's sentence, or his recommended sentence under the advisory United States Sentencing Guidelines, was enhanced under the terms of U.S.S.G. § 2K2.1. *See PreSentence Investigation Report*. To the contrary, as Petitioner acknowledged in his signed *Plea Agreement*, his § 924(c) convictions required him to serve mandatory minimum consecutive terms of seven and twenty-five years incarceration. *Plea Agreement* (ECF No. 32, PageID# 5-6); *PreSentence Investigation Report*, at ¶¶ 37; 63-66.

Petitioner additionally argues that the underlying predicate offenses for his § 924(c) convictions do not categorically constitute crimes of violence within the meaning of 18 U.S.C. § 924(c). In particular, he argues that the underlying charges of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), do not qualify as "crimes of violence" under 18 U.S.C. § 924(c) by application of the "categorical approach" required by *Descamps v. United States*, -- U.S. --, 133 S. Ct. 2276 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990), and as defined in *Johnson v. United States,* 559 U.S. 133, 140 (2010). As an initial matter, this claim is untimely

4

because it does not appear to raise a claim pursuant to *Johnson.* As such, Petitioner could have raised this claim long before the Supreme Court's decision in *Johnson*, and Petitioner missed 28 U.S.C. § 2255(f)'s one-year statute of limitations.  *See United States v. Jefferson*, No. 3:05-cr-135, 2016 WL 3523849, at *2 (S.D. Ohio June 28, 2016) (reaching same conclusion and noting that "[t]he *Johnson* decision does not make timely any claim of unconstitutional vagueness in a federal criminal statute filed within one year of *Johnson*").

Moreover, "[i]n numerous cases the Sixth Circuit has affirmed the convictions of criminal defendants for committing (1) armed bank robbery and (2) brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), without expressing any reservation about whether armed bank robbery constitutes a 'crime of violence.' " *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *7 (E.D. Mich. Dec. 18, 2015) (citing *United States v. Crowe*, 614 F. App'x 303, 306 (6th Cir. 2015)); *United States v. Lawrence*, 735 F.3d 385 (6th Cir. 2013); *United States v. Shuck,* 481 F. App'x 600, 603 (11th Cir. 2012)); *see also United States v. Church*, No. 1:15-CR-42-TLS, 2015 WL 7738032, at *6 (N.D. Indiana Dec. 1, 2015) ("The caselaw is replete with cases where a defendant has been convicted of using a firearm during a crime of violence where the predicate offense is bank robbery."); *United States v. Green*, No. RDB-15-0526, 2016 WL 277982, at *2-3 (D. Maryland Jan. 22, 2016) (armed robbery constitutes a crime of violence under the force clause of § 924(c)(3)(A)) (citing *United States v. Adkins*, 937 F.2d 947 (4th Cir. 1991)) (citations omitted). "Nothing in the Supreme Court's recent decisions calls this into doubt. And nothing in the statute suggests that congressional intent would be served by finding that bank robbery is not a crime of violence."  *Church*, 2015 WL 7738032, at *6.

Here, the underlying facts indicated that, on August 15, 2002, Petitioner, co-defendant Wilbert Brown, and a third unidentified individual entered the BMI Federal Credit Union in Westerville, Ohio, wearing masks and wigs. Brown directed the tellers at gun point into a restroom in the back of the bank, while Petitioner emptied the money from teller drawers and the third individual acted as a look-out. At one point in time, Brown struck one of the tellers in the face with his fist because she looked at him, and ordered another teller to remove her clothing and lie down on the floor. They took $20,482.00. *PreSentence Investigation Report*, ¶¶ 14, 15. On September 6, 2002, the three men robbed the big Bear Credit Union, in Grandview Heights, Ohio, in a similar manner, obtaining $12,901.00 in stolen funds. *Id*. at ¶ 16.

Further, the United States Court of Appeals for the Sixth Circuit has rejected the argument that armed bank robbery does not qualify as a crime of violence under § 924(c)(3)(A) because it may be committed through the use of intimidation rather than force:

> Bank robbery by "force and violence" plainly involves "the use, attempted use, or threatened use of physical force." Whether the same is true of bank robbery by "intimidation" is a closer question, although not by much. In the context of § 2113(a), "intimidation" means "conduct and words. . .calculated to create the impression that any resistance or defiance...would be met by force." United *States v. Gilmore,* 282 F.3d 398, 402 (6th Cir. 2002); see also James Lindgren, "Blackmail and Extortion," in 1 Encyclopedia of Crime and Justice 115, 115 (Sanford H. Kadish ed., 1983) ("[R]obbery by intimidation" involves the "threat[ ] to do immediate bodily harm, whereas. . . blackmail or extortion" involves the "threat[ ] to do bodily harm in the future."). Intimidation concerns whether an ordinary person would feel threatened under the circumstances, *Gilmore,* 282 F.3d at 403, but the prosecution must prove that the defendant possessed "general intent—that is...knowledge"—with respect to taking the property by intimidation, *Carter v. United States*, 530 U.S. 255, 268, 120 S. Ct. 2159, 147 L.Ed.2d 203 (2000). The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force. *See, e.g., United States v. McNeal*, 818 F.3d 141,

6

> 153, (4th Cir. 2016); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991) ("There is no 'space' between 'bank robbery' and 'crime of violence' " under the physical-force clause of § 4B1.2(a).); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990).
>
> We reject McBride's contention that daylight can be found between "intimidation" and "threatened use of physical force." Although McBride is correct that intimidation can be communicated by "words, demands, and gestures," so too with the threat of physical force, *Gilmore,* 282 F.3d at 402. Furthermore, even if we accept McBride's arguments that one can threaten to cause bodily injury that does not require physical force. . . that is not the case with intimidation in the § 2113(a) context, which requires the threat to use physical force, not merely to cause bodily injury.

*United States v. McBride*, 826 F.3d 293, 295-96 (6th Cir. 2016). For all these reasons, Petitioner's claim fails.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (ECF No. 49) be **GRANTED** and that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 45) be **DISMISSED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge